UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

JUDGE PETER J. WALSH

824 MARKET STREET
WILMINGTON, DE 19801
(302) 252-2925

July 11, 2006

Karen C. Bifferato
Marc J. Phillips
Connolly Bove Lodge &
Hutz LLP
The Nemours Building
10007 North Orange St.
P.O. Box 2207
Wilmington, DE 19899-2207

Harold S. Horwich
Stephen M. Hryniewicz
Bingham McCutchen LLP
One State Street
Hartford, CT 06103

Attorneys for Defendants,
United States Fidelity &
Guaranty Company and
Discovery Managers, Ltd.

Donna L. Culver
Morris, Nichols, Arsht &
Tunnell LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347

Emilio A. Galvàn
Robert Stark
Dana S. Montone
Brown Rudnick Berlack
Israels LLP
Seven Times Square
New York, New York 10036

Attorneys for OHC Liquidation
Trust, by and through Alvarez
& Marsal LLC, the OHC
Liquidation Trustee

**Re: OHC Liquidation Trust v. Discover Re and United States Fidelity & Guaranty Co.
Adv. Proc. No. 05-51766**

Dear Counsel:

This is with respect to the defendants' motion for determination that this adversary proceeding is non-core (Doc. # 25).

Plaintiff appropriately points out that <u>Beard v. Braunstein</u>, 914 F.2d 434, 445 (3d Cir. 1990), left open the question of whether "a claim only for post-petition breach of a

contract entered into pre-petition, are core matters." However, I believe the <u>Valley Forge Plaza v. Fireman's Fund Ins.</u>, 107 B.R. 514 (E.D.Pa. 1989), case supports the conclusion that the subject action is a core proceeding. In <u>Valley Forge</u> the fact pattern was similar to that here. The insurance policy was entered into pre-petition, the insurance company attempted to terminate the policy post-petition, and the debtor filed a declaratory judgment complaint. In reliance on <u>Valley Forge</u>, I therefore conclude that this matter is a core proceeding.

**So Ordered.**

Very truly yours,

*[signature]*

Peter J. Walsh

PJW:ipm